**DLD-077**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3603
_____

IN RE: ANTHONY FLETCHER,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:10-cv-03188)

_____

Submitted Pursuant to Fed. R. App. P. 21
January 17, 2019

Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: January 25, 2019)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Anthony Fletcher seeks a writ of mandamus to compel the

District Court to hold a hearing on a motion he filed regarding his appointed counsel in

his underlying habeas proceedings in the District Court.  Fletcher filed his mandamus

petition in November 2018.  By order entered December 3, 2018, the District Court

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denied his motion. In light of the District Court's action, Fletcher's request regarding his now-resolved motion is moot.

To the extent that Fletcher vaguely seeks "reassignment in the alternative," see Mandamus Petition at ECF p. 3, he has not demonstrated his entitlement to the extraordinary remedy of mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) ("Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances.") (internal quotation marks omitted). Accordingly, we will dismiss Fletcher's petition.